Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
2512 SE 25th Ave., Suite 304
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

*Attorneys for Defendant-Intervenors*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

**MARION COUNTY,** a Political Subdivision of the State of Oregon,

Plaintiff

v.

**U.S. ARMY CORPS OF ENGINEERS, DANIEL P. DRISCOLL,** in his official capacity as Secretary of the Army, and **WILLIAM H. GRAHAM, JR.**, in his official capacity as Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers**,**

Defendants.

**Case No.** 6:26-cv-956-MC

**[PROPOSED] ANSWER BY DEFENDANT-INTERVENOR APPLICANTS**

Intervenor-Defendants Native Fish Society and Northwest Environmental Defense Center answer and respond to the Complaint filed by Plaintiff Marion County as follows:[1]

## INTRODUCTION

1. The allegations in this paragraph constitute conclusions of law to which no response is required.

2. The allegations in this paragraph constitute conclusions of law to which no response is required.

3. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

4-8. Intervenors deny the allegations in these paragraphs because the allegations are vague, contain incomplete characterizations of the Corps' actions, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

9. Intervenors admit the allegations in this paragraph.

10. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

11. Intervenors deny the allegations in this paragraph.

12. Intervenors deny the allegations in this paragraph.

13. Intervenors admit the allegations in this paragraph.

14. Intervenors deny the allegations in this paragraph.

15. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

---

[1] The numbered paragraphs and headings correspond to the numbered paragraphs and headings in Plaintiff's Complaint, ECF No. 9.

16. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

## JURISDICTION AND VENUE

17. The allegations in this paragraph constitute conclusions of law to which no response is required.

18. The allegations in this paragraph constitute conclusions of law to which no response is required.

19. The allegations in this paragraph constitute conclusions of law to which no response is required.

20. The allegations in this paragraph constitute conclusions of law to which no response is required.

## PARTIES

21. The allegation in the first sentence of this paragraph constitutes a conclusion of law to which no response is required. Intervenors admit the allegations in the remaining sentences of this paragraph.

22. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

23. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

24. Intervenors admit the allegations in this paragraph.

25. Intervenors admit the allegations in this paragraph.

26. Intervenors admit the allegations in this paragraph.

27. Intervenors admit the allegations in this paragraph.

28. Intervenors admit the allegations in this paragraph.

29. Intervenors admit the allegations in this paragraph.

## GENERAL ALLEGATIONS

### A. Importance of Detroit Lake to Marion County

30-44. Intervenors deny the allegations in these paragraphs because they are vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

### B. Harms from Draining Detroit Lake: Reduced Water Quality and Access

45-48. Intervenors deny the allegations in these paragraphs because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

49. The allegations in this paragraph purport to characterize EPA statements, which speak for themselves and are the best evidence of their content.

50-53. Intervenors deny the allegations in these paragraphs because they are vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

54-60. Intervenors deny the allegations in these paragraphs because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

### C. Harms from Draining Detroit Lake: Fish Death

61-67. Intervenors deny the allegations in these paragraphs because they are vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

### D. Harms from Draining Detroit Lake: Reduced Recreation

68-71. Intervenors deny the allegations in these paragraphs because they are vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

**E. Harms from Draining Detroit Lake: Financial Harm to Residents, Businesses, and Local Governments**

72-75. Intervenors deny the allegations in these paragraphs because they are vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

76. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

77-80. Intervenors deny the allegations in these paragraphs because they are vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

81. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

82-84. Intervenors deny the allegations in these paragraphs because they are vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

**F. Thomas R. Carper Water Resources Development Act of 2024**

85. The allegations in this paragraph purport to characterize WRDA 2024, which speaks for itself and is the best evidence of its content.

86. The allegations in this paragraph purport to characterize WRDA 2024, which speaks for itself and is the best evidence of its content.

87. Intervenors admit the allegations in this paragraph.

88. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

89. The allegations in this paragraph purport to characterize WRDA 2024, which speaks for itself and is the best evidence of its content.

90. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

**G. National Environmental Policy Act**

91. The allegations in this paragraph purport to characterize the National Environmental Policy Act (42 U.S.C. §§ 4321–47) ("NEPA"), which speaks for itself and is the best evidence of its content.

92-96. The allegations in these paragraphs constitute legal conclusions to which no response is required.

97. The allegations in this paragraph purport to characterize the Corps' news release, which speaks for itself and is the best evidence of its content.

98. The allegations in this paragraph constitute legal conclusions to which no response is required.

**H. Administrative Procedure Act**

99. The allegations in this paragraph purport to characterize the Administrative Procedure Act (5 U.S.C. §§ 551–59) ("APA"), which speaks for itself and is the best evidence of its content.

**I. SEIS Process Deficiencies**

100-103. Intervenors deny the allegations in these paragraphs because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

104. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

105. The allegations in this paragraph constitute legal conclusions to which no response is required.

106. The allegations in this paragraph constitute legal conclusions to which no response is required.

107-114. Intervenors deny the allegations in these paragraphs because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

115. The allegations in this paragraph constitute legal conclusions to which no response is required.

**J. National Historic Preservation Act ("NHPA")**

116. The allegations in this paragraph purport to characterize NHPA, which speaks for itself and is the best evidence of its content.

117. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

118. The allegations in this paragraph purport to characterize the NHPA, which speaks for itself and is the best evidence of its content.

119. The allegations in this paragraph purport to characterize 36 C.F.R. § 60.4, which speaks for itself and is the best evidence of its content.

120. The allegations in this paragraph purport to characterize 36 CFR §800.2, which speaks for itself and is the best evidence of its content.

121. The allegations in this paragraph purport to characterize NHPA, which speaks for itself and is the best evidence of its content.

122. The allegations in this paragraph constitute legal conclusions to which no response is required.

123. The allegations in this paragraph purport to characterize NHPA, which speaks for itself and is the best evidence of its content.

124-130. Intervenors deny the allegations in these paragraphs because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

131. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

132. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

133. The allegations in this paragraph constitute legal conclusions to which no response is required.

134. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

135. The allegations in this paragraph constitute legal conclusions to which no response is required.

**K. Community Opposition**

136. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

137. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

138. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

139. Intervenors admit the allegations in this paragraph.

140. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF: VIOLATION OF THE APA
### Action Unlawfully Withheld or Unreasonably Delayed
### (Thomas R. Carper Water Resources Development Act of 2024 (S. 4367))

141. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

142. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

143. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

144-148. The allegations in these paragraphs constitute legal conclusions to which no response is required.

149. Intervenors deny the allegations in this paragraph.

150-152. Intervenors deny the allegations in these paragraphs because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

153. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

### SECOND CLAIM FOR RELIEF: VIOLATION OF THE APA
### Action that is Contrary to Law
### (Thomas R. Carper Water Resources Development Act of 2024 (S. 4367))

154. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

155. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

156-159. The allegations in these paragraphs constitute legal conclusions to which no response is required.

160. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**THIRD CLAIM FOR RELIEF: VIOLATION OF THE APA**
**Action that is Arbitrary and Capricious**
**(Thomas R. Carper Water Resources Development Act of 2024 (S. 4367))**

161. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

162. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

163-166. The allegations in these paragraphs constitute legal conclusions to which no response is required.

167. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**FOURTH CLAIM FOR RELIEF: VIOLATION OF THE APA**
**Action that is an Abuse of Discretion**
**(Thomas R. Carper Water Resources Development Act of 2024 (S. 4367))**

168. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

169. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

170-173. The allegations in these paragraphs constitute legal conclusions to which no response is required.

174. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**FIFTH CLAIM FOR RELIEF: VIOLATION OF THE APA**
**Action Unlawfully Withheld or Unreasonably Delayed**
**(NEPA (42 U.S.C. § 4321 *et. seq.*))**

175. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

176. The allegations in this paragraph purport to characterize the APA and the case *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004), which speak for themselves and are the best evidence of their content.

177. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

178. The allegations in this paragraph constitute legal conclusions to which no response is required.

179. The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its content and constitute legal conclusions to which no response is required.

180. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**SIXTH CLAIM FOR RELIEF: *ULTRA VIRES***
**Action That Is Beyond the Scope of the Army Corps' Authority (*Ultra Vires*)**

181. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

182. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

183. The allegations in the first sentence of this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of this paragraph constitute legal conclusions to which no response is required.

184. The allegations in this paragraph constitute legal conclusions to which no response is required.

185. The allegations in this paragraph constitute legal conclusions to which no response is required.

186. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**SEVENTH CLAIM FOR RELIEF: VIOLATION OF THE APA**
**Failure to Comply with NEPA (42 U.S.C. § 4321-4370h))**
**(APA ((5 U.S.C. §701 *et. seq.*))**

187. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

188. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

189. The allegations in this paragraph constitute legal conclusions to which no response is required.

190. The allegations in this paragraph constitute legal conclusions to which no response is required.

191. The allegations in this paragraph constitute legal conclusions to which no response is required.

192. Intervenors deny the allegations in this paragraph because they are vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

193-201. The allegations in these paragraphs constitute legal conclusions to which no response is required.

202. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

203. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

204. Intervenors deny the allegations in this paragraph because they are vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

205-211. The allegations in these paragraphs constitute legal conclusions to which no response is required.

212. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

213. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

214. Intervenors deny the allegations in this paragraph.

215-222. The allegations in these paragraphs constitute legal conclusions to which no response is required.

223. The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its content.

224. The allegations in this paragraph constitute legal conclusions to which no response is required.

225. The allegations in this paragraph constitute legal conclusions to which no response is required.

226. The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its content.

227. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

228. The allegations in this paragraph constitute legal conclusions to which no response is required.

229. The allegations in this paragraph purport to characterize the EIS, which speaks for itself and is the best evidence of its content.

230. The allegations in this paragraph constitute legal conclusions to which no response is required.

231. The allegations in this paragraph constitute legal conclusions to which no response is required.

232. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

233-235. The allegations in these paragraphs purport to characterize statements by the Corps, which speak for themselves and are the best evidence of their content.

236. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

237. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

238. The allegations in this paragraph constitute legal conclusions to which no response is required.

239. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**EIGHTH CLAIM FOR RELIEF: VIOLATION OF THE APA**
**Failure to Comply with the National Historic Preservation Act**
**(APA ((5 U.S.C. §701 *et. seq.*))**

240. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

241. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

242. The allegations in this paragraph purport to characterize *Morongo Band of Mission Indians v. FAA,* 161 F.3d 569, 573 (9th Cir. 1998), which speaks for itself and is the best evidence of its content.

243-247. The allegations in these paragraphs constitute legal conclusions to which no response is required.

248. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**NINTH CLAIM FOR RELIEF: VIOLATION OF THE APA**
**Failure to Comply with the Fish and Wildlife Coordination Act and Thomas R. Carper Water Resources Development Act of 2024**
**(APA ((5 U.S.C. §701 *et. seq.*))**

249. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

250. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

251. The allegations in this paragraph purport to characterize the Fish and Wildlife Coordination Act, which speaks for itself and is the best evidence of its content.

252. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

253. The allegations in this paragraph purport to characterize the EIS, which speaks for itself and is the best evidence of its content.

254. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

255. The allegations in this paragraph constitute legal conclusions to which no response is required.

256. The allegations in this paragraph purport to characterize the Thomas R. Carpenter Water Resources Development Act of 2024 ("WRDA"), which speaks for itself and is the best evidence of its content.

257. The allegations in this paragraph constitute legal conclusions to which no response is required.

258. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**TENTH CLAIM FOR RELIEF**
**Violation of the APA for Failure to Act in Accordance with the Clean Water Act**
**(5 U.S.C. § 706(2)(A))**

259. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

260. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

261. The allegations in this paragraph purport to characterize the Clean Water Act (33 U.S.C. § 1323) ("CWA"), which speaks for itself and is the best evidence of its content.

262. The allegations in this paragraph purport to characterize OAR 340-041-0036, which speaks for itself and is the best evidence of its content.

263. The allegations in this paragraph purport to characterize OAR 340-041-0007(1); OAR 340-041-0008, which speaks for itself and is the best evidence of its content.

264. The allegations in this paragraph purport to characterize OAR 340-041-0004(1), which speaks for itself and is the best evidence of its content.

265. Intervenors deny the allegations in this paragraph because they vague, ambiguous, and Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations.

266. The allegations in this paragraph constitute legal conclusions to which no response is required.

267. The allegations in this paragraph constitute legal conclusions to which no response is required.

268. Intervenors deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

269. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**ELEVENTH CLAIM FOR RELIEF**
**Violation of the APA for Failure to Act in Accordance with the Endangered Species Act**
**(5 U.S.C. § 706(2)(A))**

270. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

271. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

272. The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

273. The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

274. The allegations in this paragraph constitute legal conclusions to which no response is required.

275. The allegations in this paragraph constitute legal conclusions to which no response is required.

276. The allegations in this paragraph constitute legal conclusions to which no response is required.

277. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

**TWELTH CLAIM FOR RELIEF: VIOLATION OF THE APA**
**Failure to Comply with 33 C.F.R. Part 234**
**(APA ((5 U.S.C. §701 *et. seq.*))**

278. Intervenors restate and incorporate by reference their responses to all preceding paragraphs.

279. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

280. The allegations in this paragraph constitute legal conclusions to which no response is required.

281. The allegations in this paragraph purport to characterize 33 C.F.R. Part 234, which speaks for itself and is the best evidence of its content.

282. The allegations in this paragraph constitute legal conclusions to which no response is required.

283. The allegations in this paragraph purport to characterize 33 C.F.R. Part 234, which speaks for itself and is the best evidence of its content.

284. The allegations in this paragraph purport to characterize 33 C.F.R. Part 234, which speaks for itself and is the best evidence of its content.

285. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

286. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

287. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

288. The allegations in this paragraph constitute legal conclusions to which no response is required.

289. The allegations in this paragraph purport to characterize 33 C.F.R. Part 234, which speaks for itself and is the best evidence of its content.

290. The allegations in this paragraph purport to characterize the SEIS, which speaks for itself and is the best evidence of its content.

291. The allegations in this paragraph constitute legal conclusions to which no response is required.

292. The allegations in this paragraph purport to characterize 33 C.F.R. Part 234, which speaks for itself and is the best evidence of its content.

293. The allegations in this paragraph constitute legal conclusions to which no response is required.

294. The allegations in this paragraph constitute legal conclusions to which no response is required.

295. The allegations in this paragraph purport to characterize the Corps' regulations, which speak for themselves and are the best evidence of their content.

296. The allegations in this paragraph constitute legal conclusions to which no response is required.

297. The allegations in this paragraph constitute legal conclusions to which no response is required.

298. The allegations in this paragraph purport to characterize 33 C.F.R. Part 234, which speaks for itself and is the best evidence of its content.

299. The allegations in this paragraph constitute legal conclusions to which no response is required.

300. The allegations in this paragraph constitute legal conclusions to which no response is required.

301. The allegations in this paragraph purport to characterize 33 C.F.R. Part 234, which speaks for itself and is the best evidence of its content.

302. The allegations in this paragraph constitute legal conclusions to which no response is required.

303. The allegations in this paragraph constitute legal conclusions to which no response is required.

304. The allegations in this paragraph contain a description of the relief Plaintiff is seeking to which no response is required.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not require a response. Intervenors deny that Plaintiffs are entitled to the relief they request or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Intervenors answer Plaintiff's Complaint by asserting the following affirmative defense:

1. Plaintiff has stated claims for which relief cannot be granted.

## REQUEST FOR RELIEF

Having answered the allegations in the Complaint, Intervenors respectfully request that this Court enter judgment against Plaintiff dismissing with prejudice all claims alleged by Plaintiff in its Complaint.

Respectfully submitted this 30th day of July, 2026.

/s/Lauren M. Rule
Lauren M. Rule

Attorney for Proposed Defendant-Intervenors