UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARION COUNTY, *a Political Subdivision of the State of Oregon*,

Plaintiff,

And

SANTIAM WATER CONTROL DISTRICT and CITY OF STAYTON,

Plaintiff-Intervenors.

v.

U.S. ARMY CORPS OF ENGINEERS; DANIEL P. DRISCOLL, *in his official capacity as Secretary of the Army*; and WILLIAM H. GRAHAM, JR., *in his official capacity as Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers*,

Defendants,

And

NORTHWEST ENVIRONMENTAL DEFENSE CENTER and NATIVE FISH SOCIETY,

Defendant-Intervenors.

Lead Case No. 6:26-cv-00956-MTK
Trailing Case No. 6:26-cv-01381-MTK

**ORDER**

CITY OF SALEM, *an Oregon Municipal Corporation*,

Plaintiff,

SANTIAM WATER CONTROL DISTRICT and CITY OF STAYTON,

Plaintiff-Intervenors.

v.

UNITED STATES OF AMERICA; UNITED STATES ARMY CORPS OF ENGINEERS,

Defendants,

And

NORTHWEST ENVIRONMENTAL DEFENSE CENTER and NATIVE FISH SOCIETY,

Defendant-Intervenors.

---

**KASUBHAI,** United States District Judge:

Before the Court is Plaintiffs' Emergency Motion for an Injunction Pending Appeal (ECF No. 89), in which Plaintiffs ask this Court to enjoin Defendants from drafting Detroit Reservoir to an elevation lower than 1,450 pending the resolution of Plaintiffs' appeal of this Court's Opinion and Order denying their Motions for Preliminary Injunction. Under Federal Rule of Civil Procedure 62(d), "[w]hile an appeal is pending from an interlocutory order or final judgment that . . . refuses . . . an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights." The standard for granting such a motion "is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Arizona Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016). Thus, "[p]laintiffs seeking a preliminary injunction pending appeal must show that (1) they are likely to

succeed on the merits of their appeal, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest." *Brown as next friend of K.M.K. v. Washington Interscholastic Activities Ass'n*, 192 F.4th 1137, 1140-41 (9th Cir. 2026).

"Rule 62(d) contemplates that there will be situations where district courts can grant injunctions pending appeal even after denying a preliminary injunction." *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1235 (N.D. Cal. 2025). In particular, "[t]his can occur when the trial court is charting a new and unexplored ground by ruling on an admittedly difficult legal question, and when the equities of the case suggest that the status quo should be maintained." *Id.* at 1236. (citations omitted) (cleaned up). But "the fact that a court previously found that a preliminary injunction was not warranted should carry significant weight, so the circumstances must be of unusual magnitude to justify a district court granting an injunction pending appeal after denying a preliminary injunction." *Id.*

Here, there are no novel or difficult legal questions at play. Instead, the Court's ruling denying Plaintiffs' motions for preliminary injunction was based on a comprehensive review of the voluminous record submitted to the Court. Following that review, the Court concluded that Plaintiffs failed to make a "clear showing" that irreparable harm is "likely" absent injunctive relief. Op. and Order 16, ECF No. 86. That same failure of evidence is fatal to this motion, which likewise requires Plaintiffs to demonstrate that irreparable harm is likely. Indeed, other than several citations to cases not referenced in their original motions and a new exhibit regarding the likelihood of an El Niño event, Plaintiffs largely rehash the same arguments made in their original motions.

On the issue of turbidity, Plaintiffs still fail to demonstrate that irreparable harm is likely to occur as a result of the drawdown. To the extent that Plaintiffs rely on the same arguments, evidence, and case law as their original motions, they fail for the same reasons. To be clear, the issue is not that Plaintiffs fail to show that turbidity will occur at the same levels that occurred during the Green Peter Reservoir drawdowns, but that they provide no data or analysis specific to Detroit Reservoir. The record shows that *some* turbidity is likely to occur as a result of the drawdown, but that fact alone is insufficient to demonstrate irreparable harm. Plaintiffs can and have weathered naturally-caused high turbidity events in the past, *see* Schroeder Decl. ¶¶ 33-34, ECF No. 67, and indeed the pilot testing demonstrates that the water filters at issue can withstand moderate increases in turbidity at reduced runtimes, *see* Pulley Decl. Ex. F at 6, ECF No. 52-6. While the record does show that significantly elevated turbidity for sustained periods can cause irreparable harm, the record does not show that the proposed drawdown will reach such levels for any length of time. Plaintiffs cite a conclusory assertion in an exhibit that "[t]hroughout the drawdown event, turbidity will likely increase well-above 10-15 NTU, with potential spikes above 200 NTU." Pulley Decl. Ex. H at 55, 282, ECF No. 52-8. But that assertion is unsupported by any rationale or analysis other than comparisons to drawdowns of other reservoirs. Moreover, Plaintiffs fail to explain or provide evidence as to why they expect this drawdown will result in more turbidity than experienced the prior two times the Detroit Reservoir was drawn down to the same level. *See* Schroeder Decl. ¶ 32 (turbidity was less than 15 FNU during 2015 drawdown, and less than 10 FNU in 2019 drawdown).[1]

---

[1] While Plaintiff City of Salem argues in a footnote that these drawdowns occurred for different reasons or for different time periods, it does not explain why those differences are relevant to the expected turbidity levels. *See* Pl. City of Salem Reply 7-8 n.8, ECF No. 95.

Plaintiffs also rely on two newly-cited cases for the proposition that "[v]iolating water quality standards can constitute irreparable injury." Pls.' Mot. 15, ECF No. 89 (citing *Or. State Pub. Int. Rsch. Grp. v. Pac. Coast Seafoods Co.*, 374 F. Supp. 2d 902 (D. Or. 2005); *Ctr. for Env't L. & Pol'y v. United States Fish & Wildlife Serv.*, No. 2:15-CV-0264-SMJ, 2017 WL 1731706 (E.D. Wash. May 3, 2017)). Those two cases do not alter this Court's analysis for two reasons. First, both cases were Clean Water Act enforcement actions in which each court had already found a Clean Water Act violation had occurred and that unlawful discharges were ongoing. That is not the case here. Second, those cases are not precedential and—to the extent they suggest that Clean Water Act violations amount to a per se finding of irreparable harm—they are difficult to square with the Supreme Court's statement in *Weinberger v. Romero-Barcelo* that "a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." 456 U.S. 305, 313 (1982). These cases do not relieve Plaintiffs of their burden to show that irreparable harm is likely to occur.

On the issue of inadequate refill of the Detroit Reservoir, Plaintiffs supplement the original preliminary injunction record with an October 8, 2026 "El Nino Advisory" from the National Weather Service noting that "El Niño continues to strengthen, with a strong-to-very strong El Niño likely through January-March 2027 (remaining greater than an 83% chance)." Elzinga Decl. Ex.1, ECF No. 89-1. But as with Plaintiffs' original motions, the likelihood of an El Niño event says nothing specific about the probability that the Detroit Reservoir will fail to refill. Moreover, Defendant and Defendant-Intervenors include the National Weather Service's "Seasonal Precipitation Outlook" during the relevant period, which shows "equal" or "leaning above" average precipitation for January-March 2027. NFS Resp. Ex. 18, ECF No. 93-2. Plaintiffs fail to show that inadequate refill is likely to occur.

Plaintiffs' Emergency Motion for an Injunction Pending Appeal (ECF No. 89) is DENIED because of a failure of proof. Plaintiffs fail to make a clear showing that irreparable harm is likely to occur in the absence of relief.

DATED this 18th day of November 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge